**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHARLES WILSON,

       Petitioner,

v.                                                 Case Number: 09-cv-13637
                                                 Honorable Bernard A. Friedman

HUGH WOLFENBARGER,

       Respondent.
_____/

**OPINION AND ORDER**
**SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND**
**DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

      This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner should have brought this habeas corpus action under 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241.

**I. BACKGROUND**

Petitioner is currently incarcerated at Macomb Correctional Facility in New Haven, Michigan. On February 11, 2009, Petitioner pleaded guilty to indecent exposure by a sexually delinquent person, MICH.COMP.LAWS §§ 750.335A, 750.10A, in Oakland County, Michigan, circuit court. He was sentenced as a habitual offender to five years imprisonment for each conviction. *See* Offender Tracking Information System. Petitioner was on parole from the same offense. In his *pro se* pleadings, Petitioner does not inform the Court of the status of his appeals, if any such appeals were filed. Moreover, it is difficult to understand what Petitioner is alleging as his claims.

## II.  DISCUSSION

### A.  Habeas Corpus Petition under 28 U.S.C. § 2241

Petitioner filed his application for habeas relief under 28 U.S.C. § 2241. Section 2241 authorizes district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2254 is more specific and confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmund v. United States*, 520 U.S. 651, 657 (1997); *Prieser v. Rodriquez*, 411 U.S. 475, 488 (1973) (holding that a prisoner challenging the validity of his confinement on federal constitutional grounds must rely on federal habeas corpus statutes, which Congress specifically designed for that purpose, rather than broad language of Section 1983). In this case, Petitioner challenges his custody pursuant to the state court judgment of the Oakland County

circuit court.

Even though both Sections 2241 and 2254 authorize a petitioner to challenge the legality of his state custody, allowing a petitioner to file his "petition in federal court pursuant to Section 2241 without reliance on Section 2254 would . . . thwart Congressional intent." *Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004) ( citing *Coady v. Vaughn*, 251 F.3d 480, 484-85 (3d Cir. 2001)). Many circuits have also held that regardless of the label on the statutory underpinning for the petition, habeas petitions of state prisoners are governed by § 2254. *Byrd v. Bagley*, 37 F.App'x 94, 95 (6th Cir. 2002) ( citing *Coady*, 251 F.3d at 484-85 (noting that Congress restricted the availability of second and successive petitions with respect to habeas petitions filed by state prisoners pursuant to § 2254 by way of § 2244(b). Allowing a petitioner to file a petition in federal court pursuant to § 2241 without reliance on § 2254 circumvents the procedural restrictions of § 2254.))  In *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369 (6th Cir. 2001), the Sixth Circuit agreed with the following language from the Seventh Circuit:

> [W]hen a prisoner begins in the district court, § 2254 and all associated statutory requirements [including COA's under § 2253, if applicable] apply no matter what statutory label the prisoner has given the case.  (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.)

*Id.* at 371 (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)). *See also Long v. Commonwealth of Kentucky*, 80 F.App'x 410, 414 (6th Cir. 2003).  Petitioner cannot evade the procedural requirements of § 2254 by filing a § 2241 petition.  If § 2254 was not a restriction on § 2241's authority to grant the writ of habeas corpus, then § 2254 would serve no function at all as a state prisoner could avoid § 2254 limitations simply by writing ' § 2241' on his petition for federal

3

post-conviction relief.  *See Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004).

Rather than re-characterizing Petitioner's claims to § 2254 claims, this Court shall dismiss his claims without prejudice to avoid any adverse consequences with respect to any § 2254 claim he may file in the future.  *See Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (finding the court should have dismissed petitioner's § 2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action rather than re-characterize it as a § 2254 petition without notice to petitioner).

Against that backdrop, the Court will summarily dismiss Petitioner's petition, pursuant to Rule 4, because it should have been brought under 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241. Petitioner's petition is dismissed without prejudice.

### B.  Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490, 492 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d

44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n. 1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). Consequently, this Court has examined Petitioner's petition under the *Slack* standard.

This Court denied Petitioner's application on procedural grounds for failing to file his habeas petition under 28 U.S.C. § 2254. Under *Slack*, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed Petitioner's petition on procedural grounds for failing to file his habeas petition under 28 U.S.C. § 2254. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court will decline to issue Petitioner a certificate of appealability.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner's "Petition for Writ of Habeas Corpus" [dkt. # 1] is **DISMISSED WITHOUT PREJUDICE**, because it should have been brought under 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241.

**IT IS FURTHER ORDERED** that the Court declines to issue Petitioner a certificate of appealability.

**SO ORDERED**.

                                                           S/Bernard A. Friedman
                                                           Bernard A. Friedman
                                                           United States District Judge

Dated:  October 23, 2009

I hereby certify that a copy of the foregoing document was served upon Charles Wilson and counsel of record on October 23, 2009, by electronic and/or ordinary mail.

                                                           S/Carol Mullins
                                                           Case Manager